## L., N. O. & T. Ry. Co. v. B. F. Bigger.

1. COMMON CARRIERS. *General liability. Exceptions.*
   " The act of God or the public enemy" is not the limit of the exemption from liability of a carrier at common law. A carrier is not ordinarily liable for losses or injuries resulting from the nature and inherent character of the property conveyed by it.

2. SAME. *Carriers of live stock. Injuries thereto.*
   A railroad company or other carrier is not liable for injury inflicted by an animal upon itself, or caused by other animals with which it is being shipped in the same car, if the injury result from no fault of the carrier.

3. SAME. *Carriers of live animals. Degree of care required.*
   A carrier is relieved from liability for injuries and casualties of this description if it shows that it has provided suitable means of transportation, and exercised that degree of care which the nature of the property requires.

APPEAL from the circuit court of Washington county.

HON. J. H. WYNN, Judge.

The appellee, B. F. Bigger, shipped from Memphis, Tennessee, over the appellant's railroad a lot of mules to be delivered at Greenville, Mississippi. This suit was brought by him to recover damages for the injury to one of the mules by having its hoof torn off, by reason of which it was rendered valueless. The proof shows that the mules, two carloads in number, were loaded into two ordinary stock cars at Memphis. The cars were shown to be in a good condition and were such as are in common use by railroads for transporting live stock. There was no positive or direct evidence of any negligence on the part of the defendant company, or of any culpable delay or any omissions of duty in reference to the stock. Plaintiff, however, testified that the mules were all sound when they were loaded on the cars at Memphis; that they were loaded at eight o'clock at night; that before leaving Memphis and while the train containing the cars was being switched, it was run into by a switch engine and considerably delayed; and that there was some jarring of the train during the switching. The agent of the plaintiff who received the mules at Greenville testified that he

noticed at the time they were unloaded that one of the mules was lame and that soon afterward it was discovered that one of them had its hoof torn off. The evidence of the employees of the defendant showed that there was no unreasonable or unusual delay in transporting the mules; that neither the cars nor mules were at all injured by the slight accident to the train at Memphis, which affected only two cars, remote from the cars containing the mules; that the cars and mules were examined while *en route* and on their arrival at Greenville, and found in good condition. The employees in charge of the train deny any negligence either in handling the mules or the cars or in managing the train.

There was also evidence of a special contract of shipment, limiting the liability of the railroad company, but the view taken by the court in its opinion makes it unnecessary to set out the terms of the contract.

A number of instructions were asked and given, in behalf of both plaintiff and defendant. It is only material to mention the tenth instruction asked by defendant and refused by the court. This was a peremptory instruction to find for the defendant.

The plaintiff had verdict and judgment, and the defendant appealed, and among other errors assigns the refusal of the court to give the tenth instruction.

*Yerger & Percy*, for appellant, filed a brief reviewing the facts at length and discussing the liability of the defendant in the light of the special contract of affreightment, and contending that there was no evidence of any negligence by the defendant, or any positive proof that the injury resulted while the mules were in defendant's possession. In the absence of any evidence that the injury was caused by the running of defendant's trains, the burden of proof was on the plaintiff to show negligence resulting in the injury. There is a total failure to furnish such proof, and the tenth instruction should have been given.

*Phelps & Skinner*, for appellee.

If the special contract was out of the way as not binding, the defendant was still liable as an insurer of the safety of the stock, a principle well settled in Hutch. on Carriers, and discussed by this

court in *Chicago R. R. Co.* v. *Abels,* 60 Miss. 1017. It is well established that a railroad company is an insurer of live stock against every injury except such as arise from their natural propensities.

This principle was rejected by the court, and in the charges the jury were told that, whether under the special contract or not, the plaintiff could only recover upon proof of *negligence.* The instruction was thus against the appellee. The jury, however, found that there was negligence and the facts support the verdict.

There is no evidence that a mule ever kicked its own hoof off, with all the popular but unfounded belief in the extent of their kicking propensities. It would tax ingenuity to imagine a cause for this injury other than the want of a secure and safe car.

Arnold, C. J., delivered the opinion of the court.

There is dispute as to whether the special contract was fairly made, and understood by appellee, and we dispose of the case as if there were no special contract. The tenth instruction asked by appellant should have been given. Leaving the special contract out of view, appellant was not liable on the facts proved. The burden of proof was on it to acquit itself of liability, and this was done. *Chicago, etc., R. R. Co.* v. *Abels,* 60 Miss. 1017.

It is not shown how the hoof of the mule was torn off, or whether it was done on the train, or after it left the train ; but it does appear, that the car in which the mule was carried, was suitable, that the track was in good condition, that the equipments and appliances of the train were adequate, that there was no culpable delay in the transit, and that there was no fault, negligence or want of care in any respect on the part of the carrier or its employees in handling the stock, or in the running or management of the train. Under these circumstances, the carrier is not liable for the injury to the mule, which may have been self-inflicted or caused by the other mules in the car, if, indeed, the injury occurred on the train.

It is true, that upon receipt of the mule for transportation, leaving the special contract out of view, appellant incurred the general

66 Miss.—21

liability of a common carrier. But what is the liability of a common carrier, at common law? The rule, as it is ordinarily stated, is that a common carrier is liable for all losses, except those occasioned by the act of God or the public enemy.

The exception to this rule is broader than it is stated above, or if not so, it has been extended by judicial opinion. The act of God or the public enemy, is not the limit of the exemption from liability of the common carrier at common law. He was never liable, within the general rule, for losses or injuries produced by the nature and inherent character of the property, such as the ordinary and natural decay of fruit, vegetables and other perishable articles; and the fermentation, evaporation or unavoidable leakage of liquids. An injury inflicted upon an animal by itself, without fault on the part of the carrier, or caused by other animals with which it is being shipped in the same car, comes within the reason and spirit of the exception to the rule of exemption from common law liability in its broader and true definition.

Animals when being transported in a manner contrary to their habits and instincts, may injure or destroy themselves, or each other, notwithstanding every reasonable precaution may be used to prevent it. For such occurrences the carrier is not answerable. He is relieved from responsibility for casualties of this description, if he shows that he has provided suitable means of transportation, and exercised that degree of care which the nature of the property requires. Story on Bailments, §§ 492a, 576; *Clarke* v. *Rochester and Syracuse R. R. Co.*, 14 N. Y. 570; *Great Western R. R. Co.* v. *Blower*, 2 Eng. R. (Moaks) 700; *Smith* v. *New Haven and Northampton R. R. Co.*, 12 Allen 531; *Evans* v. *Fitchburg R. R. Co.*, 111 Mass. 142; *Bamping* v. *S. C. R. R. Co.*, 9 S. C. 61; *E. T. V. & G. R. R. Co.* v. *Johnston*, 75 Ala. 596.

*Judgment reversed and cause remanded.*