ILLINOIS CENTRAL R. R. CO. v. TEAMS, SMITH & GREENWALD.

COMMON CARRIER. *Live stock. Peremptory instruction.*

In case mules are injured while being carried by a railroad company, a recovery therefor cannot be had if it appear that the train met with no accident, was properly handled, and the car suitable and properly equipped, and a peremptory instruction for the carrier should be given, even though witnesses testify to opinions that the animals were so crowded in the car that they could not have injured themselves.

FROM the circuit court of Holmes county.
HON. W. F. STEVENS, Judge.

The facts are sufficiently stated in, or are clearly inferable from, the opinion of the court.

*Mayes & Harris,* for appellants.

We think this case is completely covered by the case of *Louisville, etc., R. R. Co.* v. *Bigger,* 66 Miss., 321, and the Bigger case is the only authority necessary for us to cite. It is on all fours with the case at bar, and covers it like a blanket, and we think, therefore, under the authority of the Bigger case, the court should have given the peremptory instruction asked for the railroad company in the case at bar.

*Tuckett & Smith,* for appellee.

Where the evidence is sufficient to warrant a verdict for the plaintiff in any view of it which may be legally taken, it is proper to refuse a peremptory instruction to find for the defendant, and a verdict for the plaintiff will be sustained. *I. C.*

*R. R. Co.* v. *Boehms*, 70 Miss., 11; *Tribette* v. *I. C. R. R. Co.*, 71 Miss., 212.

It was necessary only for the plaintiffs to show that the two mules were delivered to the initial carrier in good condition, and that when they were delivered by defendant company at Lexington they had sustained injuries from which they afterwards died. *N. O. & N. E. R. R. Co.* v. *Tupelo Fur. Mfg. Co.*, 67 Miss., 35. When this is shown, it devolves upon the defendant to prove that the injury did not occur through its fault. There is no evidence whatever to show in what manner the car was handled while being transferred from the track of the St. L., A. & T. H. R. R. to that of the I. C. R. R. at DuQuoin, Ill., and while the car was being switched about in defendant's yards at Mounds, Ill., Jackson, Tenn., Water Valley, Miss., and Durant, Miss., the stations where conductors were changed. Each conductor, when his train was pulled into the yard, immediately turned it over to the switchmen, and when his successor took charge thereof the necessary switching had been done, and the train ready to start. No witnesses were introduced to prove how the car was handled while in the hands of the switchmen at the points above named.

WOODS, C. J., delivered the opinion of the court.

As to one of the mules for which a recovery was had, there is an utter absence of any evidence that it received any injury on the train while being transported from St. Louis to Lexington. When unloaded from the car on its arrival at Lexington, nothing was noticed which indicated any injury to the animal. The next morning the mule was seen to be suffering, and died two or three days afterward. But, if it be conceded that the evidence warranted the jury in finding that this mule was injured on the train, as was the case with the other mule, which was sorely disabled when taken from the car, still, on all the evidence in the case, the railroad company was not liable. How the animals were hurt, or by what means, nowhere appears.

It was made plain by every conductor who had charge of the car in which the mules were transported from East St. Louis to Lexington, that the train met with no accident on the route, and that it was safely and properly handled. Indeed, the evidence is that the car in which these mules were hauled, together with all cars in front of it, as well as several in rear of it, was supplied with airbrakes and automatic couplings, whereby the ordinary bumping and jolting of freight cars was reduced to the minimum. It was shown that there was no defect or contrivance in the car itself which could have produced the injuries to the mules.

There was the evidence for appellee of some witnesses to the effect that, in the opinion of the witnesses, the mules, loaded and crowded in the car as they were shown to have been, could not have injured themselves. But common observation and the experience of mankind at all familiar with the capacity for gymnastics on the part of this hybrid, warn us not to place reliance in mere opinions of witnesses on this point. If they did not inflict the injuries on themselves, how were they inflicted? The speculation, however, is profitless, for, if the railroad company proved reasonable care in transporting the animals, no liability attached to it, and we have seen that this burden was successfully borne by the railroad. The case is covered by that of *Bigger* v. *L., N. O. & T. Ry. Co.*, 66 Miss., 319. The peremptory instruction asked by appellant should have been given.

*Reversed and remanded.*