THEODORE STURGES *v.* WILEY J. JACKSON.

[40 South. Rep., 547.]

1. GARNISHMENT. *Exemptions. How to claim. Wages. Equity. Jurisdiction.*

If a defendant, whose wages are garnisheed to satisfy a judgment against him, desires to claim the wages as exempt, he should contest the garnishment and claim his exemption in the court in which the garnishment is pending; a court of equity is without jurisdiction to aid him.

2. SAME. *Employers rule to discharge.*

Equity jurisdiction in such case cannot be predicated of the fact that the defendant's employer, a railroad company, under a rule for the government of its affairs, discharges its employes in cases of garnishment on account of their wages; nor does such a rule affect the rights of a judgment creditor of the company's employe to garnish his debtor's wages.

FROM the chancery court of Lauderdale county.

HON. JAMES L. MCCASKILL, Chancellor.

Jackson, the appellee, was complainant in the court below; Sturges, the appellant, was defendant there. From a decree overruling a demurrer to the bill of complaint the defendant appealed to the supreme court.

Jackson, the complainant, filed a bill in equity for an injunction, averring that he was employed on a stipulated salary of less than $100 a month; that defendant, Sturges, held a judgment against him obtained in a court of a justice of the peace; that since the rendition of the judgment complainant's wages have been garnisheed, although plaintiff in the judgment, defendant here, was notified by complainant that said monthly salary is exempt from garnishment. The bill further averred that the railroad company by which complainant is employed has promulgated a rule the effect of which is to dismiss from its service such of its employes as have garnishment proceedings instituted

against them; that defendant knew of this rule of the railroad company, but persisted and threatened to continue to garnish complainant's exempt wages until he paid the judgment or lost his position. The prayer of the bill was that defendant be restrained from garnisheeing the exempt wages of complainant. The defendant demurred to the bill on the ground that the complainant was not entitled to relief for the following reasons: (1) He fails to show that the defendant is acting beyond his rights or is invading the rights of complainant. (2) Whether complainant's wages will or will not be exempt in the future is a question of fact, and not a question of law, and can only be determined by garnishment proceedings. (3) The whole tenor and effect of the prayer of said bill is that the defendant be enjoined or restrained from collecting by lawful means a judgment which the complainant in his said bill admits to be valid. (4) The complainant has an adequate remedy at law. (5) The complainant fails to show sufficiently reasonable apprehension of irreparable injury.

*John D. McInnis, Jr.,* for appellant.

The injunction should be dissolved and the bill dismissed because complainant fails to show that the defendant is acting beyond defendant's rights, or is invading the rights of complainaint.

The judgment plaintiff is given the right unequivocally and without qualification, when he finds any one indebted to the judgment defendant, to compel that one to come into court and answer as to the amount of indebtedness. The words of the statute are (Code 1892, § 2130): "On the suggestion in writing by the plaintiff, in a judgment or decree in any court upon which an execution may be issued," and an execution may be issued upon the defendant's judgment, though not finally levied, "that any person is indebted to the defendant, it shall be the duty of the clerk of such court, or of the justice of the peace in the case before him, to issue a writ of garnishment." And section 2135

requires the garnishee to answer the amount of indebtedness. Whenever the judgment plaintiff finds any one indebted to the judgment defendant, he may garnish, and compel the garnishee to answer. That is the whole law, nothing more, nothing less; and by no averment, no allegation, no inference, does the complainant intimate that the defendant is pursuing any course other than that marked out in the statute.

If the complainant has the right to plead, as a ground for injunction, that the railroad company had promulgated a rule that it would dispense with his services if he allowed it to be garnisheed, then if the railroad should promulgate a rule that if the complainant were even sued it would dispense with his services, the complainant could make that the ground of a prayer for injunction. If the railroad company should promulgate a rule that if an account were presented to the complainant it would dispense with his services, the complainant could make that the ground of a prayer for an injunction. In fact, if this rule of the railroad company can be invoked as a ground for an injunction, the railroad company may promulgate any rule in regard to complainant's indebtedness and the complainant can avoid payment of any of his debts by invoking such rule in a court of equity.

The defendant has the right under the Mississippi statutes to garnish the wages of the complainant without regard to the amount of such wages; under the statutes, the complainant may plead his exemption and have his wages released. Complainant is not pursuing the remedy marked out by the statute, and relief should be denied him. *Driggs* v. *Norwood,* 4 Am. St. Rep., 30.

An injunction is a preventative remedy; the defendant is acting strictly within his own rights, and, acting within his own rights, he cannot be doing a wrong to the complainant.

An injunction does not issue for the purpose of punishment, or to compel persons to do a particular act, but simply to prevent them from doing wrong. *Sherman* v. *Clark,* 97 Am. Dec., 516.

The fact that the defendant threatened to garnishee complainant's wages indefinitely, or as the bill alleges, and the demurrer admits, until the complainant was discharged, entitles the defendant to a better standing in court than if he had garnisheed the wages of the complainant without making any threats.

Such a threat is but notice that a legal right will be exercised. It cannot be wrong to exercise such a right, and the creditor who gives notice that he is about to exercise it is certainly not less courteous than he who commences suit without giving any previous notice of his intention. *Atkinson* v. *Allen,* 71 Fed. Rep., 58; *Hinchman* v. *Patterson Horse Car Co.,* 86 Am. Dec., 253; *McHenry* v. *Jewett,* 90 N. Y., 58; *Roath* v. *Driscoll,* 52 Am. Dec., 352.

*Thomas G. Fewell,* for appellee.

This was not an injunction seeking to restrain appellant from having execution issue on his judgment, but the bill indicates that the only purpose of the injunction was to restrain appellant from carrying out his threats to garnish moneys due appellant by his employer and which money, so far as this record shows, is exempt to him under the statute of this state.

We submit the cause by referring the court to the cases as follows: *Maton* v. *Hull,* 8 L. R. A., 722; *Griggs* v. *Doctor,* 30 L. R. A., 360.

There can be no doubt that the chancery court has jurisdiction and has the right to prevent an execution creditor from hounding his debtor, and an injunction is the proper procedure to prohibit appellant from carrying out his threatened purpose of continually garnisheeing appellee's employer until he shall be compelled to leave the employment of the railroad company.

TRULY, J., delivered the opinion of the court.

The demurrer to the bill of complaint should have been sustained. The bill states no ground authorizing the interposition of a court of chancery to restrain the defendant from the exercise

of his legal rights in ·his attempt to collect in the manner permitted by the statute an indebtedness admittedly due and owing to him by the complainant.     Chapter 55, Code 1892, permits every person holding a judgment or decree of any court to have a writ of garnishment issued against his debtor by complying with certain conditions set forth in the statute.     It is true that, if the indebtedness or money in the hands of the garnishee be exempt, it is the duty of the garnishee to suggest such exemption.     But it is likewise true that it is the duty of the defendant to appear and contest the claim of the plaintiff to the property or debt and assert his right of exemption, if he desires to claim it.     The exemption of wages is a benefit of which the debtor may, if he pleases, avail himself; but he can, if he desires, voluntarily waive his legal right, and will do so, by operation of law, by failure to contest the garnishment.     The debtor is not without adequate remedy provided by law for his protection.     If the property be exempt from garnishment and other legal process, the sheriff or other officer may demand a bond of indemnity before proceeding to execute the process.     If this bond be furnished, it is for the benefit of the defendant, and he may sue and recover double damages for any loss he has sustained by the seizure or sale.     If the officer fail to demand an indemnifying bond, then he and the sureties on his official bond are liable to the defendant in damages.     A court of chancery cannot restrain a creditor from the exercise of any of the rights granted him by the law.     If the issuance of a writ of garnishment, seeking to subject money exempted by the beneficence of the law to the payment of a debt, constituted a wrong or trespass, an injunction would properly lie to restrain the trespasser or prevent the wrong.     But such is not the case under our law.

The fact that the corporation for whom appellee works has promulgated a rule that its employes would be discharged if their wages were garnished can certainly not be more potent than the plain mandate of the statute.     Let us cherish the hope that the rule in question was intended to induce all employes promptly

to pay their debts and to inculcate the advisability of prudently living within their income, and was not devised as a scheme to assist or encourage them to defraud their creditors. At any rate, we decline to hold that it operates so as to deprive a creditor of any rights granted by the law, or that the fear of its strict enforcement is such a threatened danger as authorized a court to interpose with the most gracious writ of injunction. If the contrary view was sound, a corporation might just as well enact a rule that no employe should have bills sent to him or accounts presented for payment under penalty of losing his position, thus depriving the creditor of all chance of enforcing the payment of just demands. In this case it must be noted, also, that no question arises as to the legality of the debt. The amount is admittedly just and due by the appellee to the appellant, and no reason is given in the bill of complaint why the same should not be paid.

Conceding the truth of every specific allegation in the bill of complaint, together with all inferences which can be logically deduced from the averments to strengthen the claim of the complaint, we do not think that a writ of injunction was properly issuable. There are several other interesting legal questions growing out of the practice attempted to be introduced by this proceeding into the jurisprudence of our state; but, as the above finally disposes of the matter, we deem it unnecessary to elaborate the other propositions.

*The decree is reversed, cause remanded, and bill dismissed.*