Samuel T. Howze *v.* New Orleans & Northeastern Railroad Company.

[45 South., 837.]

1. RAILROADS. *Carriers. Contract for carriage of live stock. Time to sue. Contractual limitation. Waiver.*

A carrier may waive a provision in a contract for the carriage of live stock, providing that a suit should not be maintained for damages resulting from its breach unless begun within six months after the arrival of the cause of action.

2. SAME. *Facts showing waiver.*

The defendant carrier waived the provision in its contract of affreightment exempting it from suit after six months from the accrual of the cause of action, where, after receiving from the delivering carrier plaintiff's demand for damages, it remained silent four months and twenty-seven days before advising the delivering carrier that it rejected the demand and thereafter neglected for six days to own receipt of a letter from plaintiff's attorney touching the claim and then answered only that the demand had been returned to the delivering carrier.

From the circuit court of Lamar county.

Hon. William H. Cook, Judge.

Howze, appellant, was plaintiff in the court below; the railroad company, appellee, was defendant there. From a judgment in defendant's favor, predicated of a peremptory instruction, the plaintiff appealed to the supreme court.

The demand was for $150, the alleged value of a mule shipped with many others, by appellant over appellee's line of railroad, the initial carrier from New Orleans, Louisiana, to Columbia, Mississippi, a station on the Gulf & Ship Island Railroad Company's line. The mules were transferred by defendant company to the Gulf & Ship Island Company, the delivering carrier, at Lumberton, Mississippi. The mule sued for had its thigh broken when it reached Lumberton, and before

it left appellee's custody, and was afterwards killed by the Gulf & Ship Island Railroad Company. The contract of affreightment contained a provision that no suit should be maintainable for any claim arising under the contract or growing out of the shipment unless commenced within six months next after the cause of action accrued. The bill of lading was dated January 30, 1906. The written statement of the cause of action sued on, and the evidence, showed that plaintiff's cause of action accrued February 2, 1906. The suit was instituted August 31, 1906. The peremptory instruction was asked by appellee and given by the court below because of plaintiff's failure to institute suit within six months after the cause of action accrued. Appellant presented his claim to the Gulf & Ship Island Railroad Company on February 2, 1906, and it was referred by that railroad to the auditor of the New Orleans & Northeastern Railroad Company, the defendant. Appellee's auditor, on June 29, 1906, advised the Gulf & Ship Island Railroad Company that his company declined to pay the claim, requesting that it be withdrawn. On August 9, 1906, appellant's attorney wrote the New Orleans & Northeastern Railroad Company in reference to the claim, and that company replied on August 15, 1906, that it had returned the claim to the Gulf & Ship Island Railroad Company. Other material facts are stated in the opinion of the court.

*C. G. Mayson,* for appellant.

The provision in the contract, limiting the time within which the suit could be brought to six months, is contrary to public policy and void. It is repugnant to our statute of limitations, and any time short of that allowed by the statute, within which to institute suits, is of no effect. It is not competent for a party to prescribe one rule when the Legislature has made a different one; and in case of conflict the one prescribed by law ought to prevail. There are sometimes stipulations in insurance policies, telegraph messages and express receipts that

a claim for damages must be presented within a designated time, which provisions our courts have upheld, *Hartzog* v. *Western Union Tel. Co.,* 84 Miss., 448; s.c., 36 South., 539, but we can find no adjudication that a stipulation in a contract, prescribing the time within which a suit must be brought, if such limitation be short of that fixed by the statute of limitatons, is valid. Some few courts so hold, but it is believed that the better view is that the time allowed by the statute would control in case of conflict.

Conceding though, for argument's sake, that the limitation embraced in the bill of lading is, under ordinary circumstances, valid and binding, yet, by the facts of this case, the appellee is estopped to avail itself of that provision for several potent reasons.

It must be remembered that the appellant was induced to file his claim with the Gulf & Ship Island Railroad Company, by appellee's agent. Doubtless on the ground that it was the carrier making delivery at the place of destination and the one collecting the freight bill. It is perfectly apparent that appellant knew that he was damaged and thought appellee the one to respond and would have filed claim with the appellee in the first instance but for the interposition of its agent.

The six months had practically elapsed before appellee's auditor returned the papers connected with the claim. Mr. Gee, the auditor of the Gulf & Ship Island Railroad Company, had referred the claim to him shortly after he received it in February. Appellee's auditor kept it five months before he returned it to Mr. Gee, and during all that time never once communicated with appellant although his claim for damages was pending. We therefore insist that the limitation did not begin to run while the claim was in appellee's hands pending an amicable adjustment.

Appellee is also precluded from availing itself of the lapse

of six months before suit begun because it kept the evidence of the contract.

Appellee is estopped by its own conduct to avail itself of the defense set up. It would be unjust and inequitable to include the time negotiations were pending for an adjustment within the six months' limit. A party having a right to insist on a certain mode of procedure may by its acts and conduct waive that right. *McPike* v. *Western Assurance Co.*, 61 Miss., 37; *Rivara* v. *Insurance Co.*, 62 Miss., 720; *Insurance* v. *Matthews*, 65 Miss., 301; s.c., 4 South., 62; *Insurance Co.* v. *Bowdre*, 67 Miss., 620; s.c., 7 South., 596; *Illinois, etc., R. R. Co.* v. *Bogard*, 78 Miss., 11; s.c., 27 South., 879.

*Bozeman & Fewell* and *McWillie & Thompson*, for appellee.

The bill of lading on which the shipment was made shows a special contract based upon the consideration of a reduced rate of transportation, and it was therein stipulated that no suit should be maintainable for any claim arising under the contract or growing out of the shipment unless such suit should be commenced within six months next after the cause of action accrued.

The rule is that the validity of a special contract for the carriage of live stock or merchandise is determined by the law of the place where made. 5 Am. & Ency. L. (2d ed.), 302; 6 Cyc., 430.

It is immaterial, however, in this case whether we apply the law of Louisiana or Mississippi, the former being the state where the contract was made, and the latter the state of the forum and into which the property was brought. The stipulation on which defendant relied is valid under the laws of both states.

There is nothing in a stipulation limiting the time for suit which in the slightest degree conflicts with the proposition that the carrier cannot contract against liability for the negligence of itself or its servants. The limitation of the time for suit

is an independent stipulation that is equally applicable where liability arising out of negligence is assumed.    Under statutes prohibiting carriers from limiting by special contract their liability as it existed at common law, it is held that a limitation of the time for suit affects merely the remedy and does not limit liability.    5 Am. & Eng. Ency. Law (2d ed.), 325; *Gulf etc., R. R. Co.* v. *Trawick,* 68 Tex., 314; s.c., 2 Am. St. Rep., 494.

The federal supreme court has very clearly set forth the reasons why limitations of the time for suit are upheld, making it perfectly apparent that they are entirely disconnected with the question of negligence or the liability arising therefrom.    *Southern Express Co.* v. *Caldwell,* 21 Wall., 264.

In Louisiana it has been expressly held in the case of a steamboat that common carriers may restrict their liability by special contract.    *Roberts* v. *Riley,* 15 La. Ann., 103; s.c., 77 Am. Dec., 183; *Higgins* v. *New Orleans, etc.,* 28 La. Ann., 133.

The clause limiting the time within which suit shall be brought has also been held valid in Louisiana when found in insurance policies.    *Edson* v. *Insurance Co.,* 35 La. Ann., 353; *Carraway* v. *Insurance Co.,* 26 La. Ann., 298.

In this state the limitation is upheld in suits on insurance policies containing it.    *Ghio* v. *Assurance Co.,* 65 Miss., 532; s.c., 5 South., 102; *Insurance Co.* v. *Whitehead,* 58 *Ib.,* 226; *Bonner* v. *Insurance Co.,* 36 South., 538.

And also in suits against express companies and telegraph companies which are common carriers under the provisions of the state constitution.    *Express Co.* v. *Hunnicutt,* 54 Miss., 566; *Hartzog* v. *Telegraph Co.,* 84 *Ib.,* 448; s.c., 36 South., 539; *Clement* v. *Telegraph Co.,* 77 *Ib.,* 747; s.c., 27 South., 603.

In Texas it has been held .valid in suits against railroad companies.    *Gulf, etc., R. Co.* v. *Gatewood,* 79 Tex., 89; s.c., 14 S. W. Rep., 913.

As this was an interstate shipment the stipulation would

be valid under the general rule even if it were obnoxious to the laws of Louisiana. *Carton* v. *Railroad Co.,* 59 Iowa, 148; s.c., 44 Am. Rep., 672; *Railroad Co.* v. *Sherwood,* 84 Tex., 125; s.c., 19 S. W. Rep., 455; *Missouri, etc., R. R. Co.* v. *Insurance Co.,* 84 Tex., 149; s.c., 19 S. W. Rep., 459; *Railroad Co.* v. *Maetze,* 17 Am. & Eng. R. Cas., 613.

There seems to be great uniformity in the authorities as to the validity of the stipulation. It is clearly valid under the general rule.    5 Am. & Ency. Law (2d ed.), 320; 6 Cyc., 508.

This record does not bear out the contention that there was any waiver of this stipulation on the part of the appellee, nor any act done by it which would preclude it from availing of the same.

MAYES, J., delivered the opinion of the court.

If there is any merit in the contention that the railroad may make a valid stipulation in the contract of affreightment that no suit shall be maintained for damage, unless brought within six months after the cause of action accrues, the delay in handling this claim has operated as a waiver. We have upheld reasonable regulations of this nature, but different, in that it has been applied only to the time in which suit could be maintained after notification of damage. This case in its facts is unlike any of the cases cited by appellee. In the case of *I. C. R. Co.* v. *Davis & Levy* (Miss.), 43 South., 674, the only fact on which it was attempted to hold the railroad liable was simply that the mule was found dead in the car. There was no unnecessary delay, and nothing to show what caused the death; and the court held that under these circumstances the company was not liable. In the case of *Y. & M. V. R. R. Co.* v. *Cox* (Miss.), 40 South., 547, the mules were allowed to stand in the car overnight, instead of being turned into the pen. Some of the mules were injured, and one of them badly skinned and bruised. There was a broken place in the car, but nothing to indicate how the injury oc-

curred, and no testimony showing that the car was in a bad condition; and the court held that the company was not liable. In the cases of *Railroad Co.* v. *Teams,* 75 Miss., 147; 21 South., 706, and *L., N. O. & T. Ry. Co.* v. *Bigger,* 66 Miss., 319; 6 South., 234, the facts readily distinguish them from the case now before the court. In this case there is proof tending to show, at least, that the car in which these mules were shipped was in a bad state of repair, and that it was because of this that the mule was injured. Several slats were broken, and it was testified to that the car was in a dilapidated condition. We think it was a question for the jury whether or not this injury occurred by reason of the negligence of the railroad company in failing to provide a suitable car for the transportation of the mules. A peremptory instruction for defendant was improper.

*Reversed and remanded.*