## STATE OF ARKANSAS *v.* STATE OF MISSISSIPPI.

### INTERLOCUTORY DECREE.   IN EQUITY.

No. 7, Original.   Entered March 22, 1920, upon motion submitted March 8, 1920.

Decree appointing, empowering and instructing commissioners to locate, etc., part of the boundary between the two States.

THIS CAUSE came on to be heard by this court on the motions and suggestions of counsel for the respective parties for the appointment of a commission to run, locate, and designate the boundary line between the States of Arkansas and Mississippi as indicated in the opinion of this court delivered on the 19th day of May, 1919; and

thereupon and on consideration thereof, It is ordered, adjudged and decreed as follows, viz: ,

1. The true boundary line between the States of Arkansas and ·Mississippi, at the places in controversy in this cause, aside from the question of the avulsion of 1848, hereinafter mentioned, is the middle of the main channel of navigation of the Mississippi River as it existed at the Treaty of Peace concluded between the United States and Great Britain in 1783, subject to such changes as have occurred since that time through natural and gradual processes.

2. By the avulsion which occurred about 1848, and which resulted in the formation of a new main channel of navigation, the boundary line between said States was unaffected, and remained in the middle of the former main channel of navigation as above defined.

3. The boundary line between the said States should now be located along that portion of said river, or the bed of said river, which ceased to be the main channel of navigation as the result of said avulsion, according to the middle of the main navigable channel as it existed immediately prior to the time of said avulsion.

4. A commission consisting of Samuel S. Gannett, Washington, D. C., Charles H. Miller, Little Rock, Arkansas, and Stevenson Archer, Jr., Greenville, Mississippi, competent persons, is here and now appointed by the court, to run, locate and designate the boundary line between said States along that portion of said river which ceased to be a part of the main navigable channel of said river as the result of said avulsion, in accordance with the above principles: Commencing at a point in said Mississippi River about one mile southwest from Friars Point, Coahoma County, Mississippi, where the main navigable channel of said river, prior to said avulsion, turned and flowed in a southerly direction, and thence following along the middle of the former main

channel of navigation by its several courses and windings to the end of said portion of said Mississippi River which ceased to be a part of the main channel of navigation of said river as the result of said avulsion of 1848.

5. In the event the said Commission cannot now locate with reasonable certainty the line of the river as it ran immediately before the avulsion of 1848, it shall report the nature and extent of the erosions, accretions and changes that occurred in the old channel of navigation as the result of said avulsion, and in said report, if necessary to be made in obedience to this paragraph of the decree, said Commission shall give its findings of fact and the evidence on which same are based.

6. Before entering upon the discharge of their duties, each of said Commissioners shall be duly sworn to perform faithfully, impartially and without prejudice or bias the duties hereinafter imposed; said oaths to be taken before the Clerk of this court, or before the clerk of any District Court of the United States, or before an officer authorized by law to administer an oath in the State of Arkansas or Mississippi, and returned with their report. Said Commission is authorized and empowered to make examination of the territory in question, and to adopt all ordinary and legitimate methods in the ascertainment of the true location of the said boundary line; to examine and consider carefully the printed record in this cause and the opinion of this court delivered on May 19, 1919, and to take such additional evidence under oath as may be necessary and authorized to enable said Commission to determine said boundary line, but such evidence shall be taken only upon notice to the parties with permission to attend by counsel and cross-examine the witnesses; to compel the attendance of witnesses and require them to testify; and all evidence taken and all exceptions thereto and rulings thereon shall be preserved, certified and returned with the report of said Commissioners; and

said Commission shall do all other matters necessary to enable it to discharge its duties and to obtain the end to be accomplished conformably to this decree.

7. It is further ordered that should any vacancy or vacancies occur in said Board of Commissioners by reason of death, refusal to act, or inability to perform the duties required by this decree, the Chief Justice of this court is hereby authorized and empowered to appoint another commissioner or commissioners to supply such vacancy or vacancies, the Chief Justice acting upon such information in the premises as may be satisfactory to him.

8. It is further ordered that said Commissioners do proceed with all convenient dispatch to discharge their duties conformably to this decree, and they are authorized, if they deem it necessary, to request the co-operation and assistance of the state authorities of Arkansas and Mississippi, or either of those States, in the performance of the duties hereby imposed.

9. It is further ordered that the Clerk of this court shall forward at once to the Governor of each of said States of Arkansas and Mississippi and to each of the Commissioners hereby appointed a copy of this decree and of the opinion of this court delivered herein May 19, 1919, duly authenticated.

10. Said Commissioners shall make a report of their proceedings under this decree as soon as practicable on or before the first day of October, 1920, and shall return with their report an itemized statement of services performed and expenses incurred by them in the performance of their duties.

11. All other matters are reserved until the coming in of said report, or until such time as matters pertaining to this cause shall be properly presented to this court for its consideration.

Per MR. CHIEF JUSTICE WHITE.

March 22, 1920.