E. J. PLATTE FISHERIES v. WADFORD.

(Division B. May 28, 1934. Suggestion of Error Overruled Sept. 11, 1934.)

[155 So. 161. No. 31281.]

618

**Brunini & Hirsch**, of Vicksburg, for appellant.

Voller & Teller, of Vicksburg, for appellee.

Griffith, J., delivered the opinion of the court.

Appellee was indebted to appellant in the sum of about one thousand dollars, and does not dispute the debt or the amount thereof. Appellee is a commercial fisherman, and said debt was for the purchase money of fishing equipment, or for equipments, supplies, and advances furnished and used in connection with appellee's fishing business. On or about November 8, 1933, appellant filed suit to enforce its purchase-money lien; this action being in the circuit court of Warren county, in which county both the parties were and are domiciled. The sheriff was unable to find any of the property, and it was discovered that all of it, being substantially all the unincumbered property owned by appellee, had been leased to two fishermen to be used across the river in Madison parish, Louisiana, and had been removed to that parish and state. Appellant thereupon sued out an attachment in Louisiana and levied upon the property there. Appellee then filed a bill in the chancery court of Warren county to enjoin appellant from prosecuting the attachment suit in Louisiana on the ground that the latter proceeding

was oppressive and inequitable and would put appellee to unnecessary expense and hardship and would deprive appellee of his exemptions allowed by the laws of this state. The chancery court sustained the bill and made the injunction perpetual.

The rule is well recognized in this state that the chancery court in proper cases may control persons in our jurisdiction in the matter of prosecuting suits in another state. Fisher v. Ins. Co., 112 Miss. 30, 72 So. 846. At the same time, we must recognize the limitations upon that rule as set forth, for instance, in such cases as Jones v. Hughes, 156 Iowa, 684, 137 N. W. 1023, 42 L. R. A. (N. S.) 502. And see Sturges v. Jackson, 88 Miss. 508, 40 So. 547, 6 L. R. A. (N. S.) 491, 117 Am. St. Rep. 754. In the examination of the question whether the facts are sufficient to sustain a bill of this kind, we must keep in mind the maxims which limit the field of chancery interference; and two of these maxims are that equity follows the law, and he who seeks equity must do equity. And, as a derivative of these two maxims, it follows that he who resorts to equity must not thereby propose to do inequity in depriving another of substantial legal rights, which, except for the actions of the complainant in the premises, the opposite party would have, or would have had, under our laws.

Had the property remained in this state, appellant could have seized it, as appellant attempted to do, under our purchase-money statute, section 2239, Code 1930; or, if there were no purchase-money lien, appellant could have attached it under section 123, Code 1930, on the ground that it was about to be removed out of the state. Appellee, by consummating the removal of the property to Louisiana, deprived appellant of the right to seize it in this state, and, when appellant thereupon attached it in Louisiana, appellant did there no more, in effect, than it would have had the right to do here, under our laws, had the property been found here before removal.

Much is said in the argument about the oppressive

motives of appellant, but courts are not authorized to inquire into motives when the party has done what, and substantially no more than what, he has a right under our laws to do. Ahd, as to the argument that the procedure in Louisiana might prevent appellee from obtaining his exemption of two hundred fifty dollars allowed by our statutes, there are two answers: First, there are no exemptions under our law as against purchase money; second, the property is admitted to be worth in excess of one thousand dollars, and a debtor could not claim the entire property as beyond reach of seizure because a small part of it, if here, might be exempt. If so, a local debtor could send ten thousand dollars worth of property, all he owned, into another state, and enjoin an attachment of it because, if he had left it here, he would have had an exemption on it of two hundred fifty dollars.

Reversed and remanded.