BLOUNT, et al. *v.* HAIR, d/b/a HAIR FLYING SERVICE

No. 40257          October 22, 1956          90 So. 2d 5

*Ethridge, Minniece & Bourdeaux,* Meridian, for appellants.

*Kenneth I. Franks,* Philadelphia, for appellee.

Lee, J.

Joe D. Hair, doing business as Hair Flying Service of Baton Rouge, Louisiana, sued Mrs. Bessie Blount and husband, H. E. Blount, to enforce a purchase money lien for the balance of $1,625, alleged to be due on the purchase price of a used airplane. The pleadings alleged that the plaintiff, on April 26, 1955, sold the airplane to the defendants for $8,250; that 50% thereof was financed, and the defendants gave their check for $4,125, supposedly cash, but that the same was not paid on presentation; and that they finally paid $2,500 thereon and gave another check for $1,625, but that the balance was never paid.

The defendants admitted that they entered into the contract, as alleged, but denied that they were indebted in the amount claimed because they said that they relied on certain promises by the plaintiff, which he did not keep, and that they were required to spend large sums of money for the repair of the airplane.

An agent of the seller flew the airplane to a field on the property of the defendants at Philadelphia, Mississippi, where the deal was tentatively agreed upon. Several days later, on April 26, 1955, when it was ready for delivery, the Blounts were in Tallulah, Louisiana. Consequently delivery was made at that point, and the Blounts gave their check in the sum of $4,125. The check, on presentation, was dishonored. After several days, they substituted two checks in the sum of $2,500 and $1,625, in lieu of the original, and the larger check was paid, but the smaller one was never paid.

The evidence for the plaintiff was to the effect that the only representation which was made in connection

with the sale was that the plaintiff would make both the 100-hour and the annual inspections on the airplane to assure its air-worthiness and relicensing before delivery, and that this was done. It was denied that performance was guaranteed for 90 days or 100 hours, whichever came first.

The evidence for the defendants was to the effect that the plaintiff guaranteed performance of the airplane for 90 days or 100 hours, whichever came first; and that it had certain defects, especially a part of the landing gear and the radio. These repairs were made before the $2,500 check was paid. At that time, according to the plaintiff's evidence, Tom Blount, the son of the defendants and the pilot, expressed satisfaction; but Tom testified that they were not satisfactory and that the engine also started to "throw oil". Tom testified that approximately $395 was expended for repairs and that the airplane needed a major overhaul, and at least a "top" overhaul, either of which would run into considerable money.

The jury's verdict was for the plaintiff in the sum of $1,325; and from the judgment entered the defendants appeal.

■■ ■ The appellants contend that the contract was consummated in Louisiana, and that Section 337, Code of 1942, giving appellee a lien, is not applicable. In E. J. Platte Fisheries v. Wadford, 170 Miss. 617, 155 So. 161, it was held that the buyer of fishing equipment, a resident of this state, who leased such equipment to Louisiana fishermen, could not enjoin the unpaid seller in this state from prosecuting an attachment suit in Louisiana. By the same token, since Louisiana has a purchase money lien statute, Superior Laundry & Cleaners, Inc. v. American Laundry Machinery Co., 170 Miss. 450, 155 So. 186, the appellants, by removing the airplane from Louisiana to this state, deprived the appellee of the right to seize it in that state.. When appellee attached

the airplane here, he did no more, in effect, than he would have had the right to do in Louisiana, under the laws of that state, had the property been found there before removal. Platte Fisheries v. Wadford, supra.

■■ ■ The appellants also say that, under Section 1470, Code of 1942, it was error to allow the introduction of the checks which were given by the appellants inasmuch as copies were not attached to the declaration. The suit was not based on the checks, but on appellee's demand for the enforcement of his purchase money lien. The checks were merely explanatory of the indebtedness. They did not form the indebtedness. In Enochs-Flowers, Ltd. v. Bank of Forest, 172 Miss. 36, 157 So. 711, the action was founded neither on the conveyance from I. C. Enochs, Sr., nor on the collateral security, but on the notes themselves. Consequently the Court held that it was not necessary to make profert of the conveyance or the collateral security in order to offer the same in evidence. Appellants cite Lawson v. Dean, 144 Miss. 309, 109 So. 801. But in that case, the suit was based on an administrator's bond, and of course it was necessary that a copy of the bond should be annexed to or filed with the declaration.

■■■ Appellants also contend that two of the instructions for the plaintiff were erroneous and constituted reversible error. These instructions, while not complete within themselves, were not contradictory of the defendants' instruction on the merits. The real issue for submission to the jury was whether the plaintiff guaranteed performance of the airplane for 90 days or 100 hours, whichever came first, and if so, whether the plaintiff relied on such guaranty, and whether there were defects in the airplane which necessitated expenditures to make it conform to the guaranty. In such event, the jury would credit the defendants with any damages which they suffered as the proximate result of the failue of the plaintiff to maintain his guaranty; and if

such credits equalled the balance due, the jury would find a verdict for the defendants. The instructions, when read and considered together, were not contradictory or misleading and constituted a sufficient statement of the law on the issue submitted to the jury.

██ ██ The defendant had a larger number of witnesses, but we cannot say that the verdict was contrary to the great weight of the evidence.

Consequently the cause is affirmed.

Affirmed.

*Roberds, P. J.,* and *Holmes, Arrington* and *Ethridge, JJ.,* concur.