OVEREND, GURNEY & CO. *v.* ROBINSON & OLROYD et al.

S. was allowed the privilege of lessor for the sum of $2800 14, that being the sum demanded in her petition. The lease annexed to and made part of the petition showed that $3850 14 were due her. The funds were not yet distributed, and there was a general prayer for relief. *Held:* That it would seem, under the precedents cited, 15 L. 116, 5 A. 666, that the judgment should be reformed in her favor.

Legal interests are allowed upon the monthly installments for rent past due, and a discount at the rate of five per cent. only on the installments payable in future, according to the terms of the lease.

The District Judge afterwards allowed opponent a privilege upon the proceeds of the sale of the unexpired term of the lease. *Held:* That the sum thus realized must be credited upon the judgment.

Where the sale between the parties was, in New York, executory merely, with the intention that it should be consummated in New Orleans, and it was so consummated, the contract must be considered as completed in New Orleans, and the vendor's privilege may be exercised according to the laws of Louisiana.

APPEAL from the Fifth District Court of New Orleans, *Augustin,* J. *L. Pierce,* for plaintiffs. *Clarke & Bayne,* for *Siebricht,* appellant. *C. De Choiseul,* for *Ida A. Slocomb,* appellant.

SPOFFORD, J. These appeals, which have been tried together, grow out of a conflict of privileges, assisted by various creditors of *Robinson & Olroyd,* upon a particular fund, the proceeds of the sale of a stock of goods, which is insufficient to pay them all.

We proceed to notice the points presented for our adjudication in their order:

I. Miss *Ida Slocomb* was allowed the privilege of lessor for the sum of $2800 14, that being the sum demanded in her petition, in intervention. She has appealed from the original judgment, and alleges that the court should have awarded her the sum of $3850 14, as it appeared· from the lease annexed to and made part of her petition, that the latter sum was due her. The appellees contend that, as she had obtained a judgment for the specific sum prayed for, a greater sum cannot now be allowed her to their prejudice. The fund not having yet been distributed, the error of her counsel being one of calculation, amendable by reference to the document annexed as part of the petition, and there being a prayer for general relief, it would seem, under the precedents cited, that the judgment should be reformed in her favor. 15 L. R. 116, 5 An. 666. We think, also, that legal interest should be allowed upon the monthly installments that are past due, and a discount at the rate of five per cent. only, on the installments payable *in futuro,* according to the terms of the lease. But it appears that the District Judge afterwards allowed her a privilege upon the proceeds of the sale of the unexpired term of the lease. The sum thus realized must be credited upon the judgment.

II. The vendor's privilege was awarded to *Houghwont* for the sum of $2151 35. Some of the appellants contend that this was erroneous, because the goods on the proceeds of which a privilege is claimed, were sold in New York, so that the vendor's privilege formed no part of the contract. The cases of *White* v. *Stoddee,* 8 M. 133; *Copley* v. *Stanford,* 2 An. 336; and *Colt* v. *O'Calahan,* 2 An. 984, are cited by the appellants as conclusive on this branch of the case. We concur in the doctrine established in those cases, but it does not

decide the present controversy. There the contract was executed and complete in the foreign State, whose laws did not recognize the privilege of the vendor. But here it seems that there was only an executory contract made in New York. The goods which have been identified were not shipped by *Houghwout* from New York to *Robinson & Olroyd*, under an absolute contract of sale. They were shipped to an agent of the consignee, in New Orleans, with special instructions not to deliver them to *Robinson & Olroyd*, until the latter should have complied with certain specified conditions about furnishing security. The sale was therefore completed and delivery made in Louisiana, and by the law of Louisiana the vendor's privilege attached. There is no error then in this part of the judgment.

III. The same remarks will apply to the claim of *Patton & Co.*, for $397 15, which is also opposed on similar grounds.

IV. *Burnside & Co.* were recognized to be privileged creditors for the sum of $443 89, as lessors. This allowance is opposed upon the ground that the claimants were not strictly lessors, but were merely vendors of certain fixtures and the unexpired term of a lease held by themselves, which they sold in a lump to *Robinson & Olroyd* for an endorsed note, which they took in absolute payment.

The evidence, in our view, fails to sustain the apppellants in their opposition to this claim. The indebtedness for the rent does not seem to have been absolutely discharged by the endorsed note. That note was afterwards returned, and other notes taken from the lessees, the consideration of which was the rent, and the fixtures. It is admitted that these notes are unpaid. The amount allowed by the District Judge appears, under the evidence, to be less than the proportionate value of the rent as compared with the fixtures. A clearer case of novation should have been made out to destroy the lessor's privilege.

V. Finally, the appellant, *Mertens*, contends that a privilege was erroneously given to *Levi Hubbell*, from the 24th of February, 1855, the date of the seizure under a *fi. fa.* issued upon his judgment against *Robinson & Olroyd*, because the latter by certain waivers had expedited the prosecution of his claim with the view of giving him a preference when it was improper for them to do so. The only waiver was, of a right to appeal after judgment had gone against them upon evidence which would have rendered an appeal frivolous. It is not proved that there was any collusion to prejudice this appellant. He might have procured the same waiver himself, for ought that appears to the contrary.

It is, therefore, ordered, that the judgment appealed from, regulating the distribution of the proceeds of the sale in the suit of *Overend, Gurney & Co.* v. *Robinson & Olroyd* be so amended as to recognize Miss *Ida Slocomb* as a creditor of *Robinson & Olroyd*, with the first privilege as lessor upon the fund in question, for the sum of $3850 14, according to the lease, of which a copy is of record annexed to her petition, and that she be allowed legal interest upon the several installments due from their maturity; and that a discount at the rate of five per cent. per annum be made upon the installments not yet due under the terms of the said lease; this judgment, however, to be credited by whatever amount may be realized by Miss *Slocomb* from the sale of the lease.

It is further ordered, adjudged and decreed, that the said judgment in all other respects be affirmed, and that the costs of appeal be paid, one-half by the appellees, who have been cited to answer the appeal of Miss *Slocomb*, and one-half by the appellants, *Siebricht* and *Mertens.*