## No. 10,840.

### H. & C. NEWMAN VS. CANNON, SHERIFF, ET AL.

Sales made in Louisiana, by agents of nonresident vendors having power to make complete and binding contracts, of goods to be delivered and actually delivered in Louisiana, constitute Louisiana contracts, subject to Louisiana law, and entailing the vendor's privilege.

Article 3230, Rev. C. C., excludes the vendor's privilege on merchandise sold only when the goods have been unpacked and so mixed with other goods of the purchaser that their identity can no longer be established.

3. The vendor who claims a privilege upon merchandise sold, which has been unpacked and mixed with other goods of the purchaser, must clearly show that they remain capable, by inspection, of indentification, and must identify them with reasonable certainty.

APPEAL from the Twelfth District Court, Parish of Avoyelles. Coco, J.

*Thorpe & Peterman* for Plaintiffs and Appellants:

1. Sales of property perfected in other States do not carry the vendor's privilege when sued upon in Louisiana unless such privilege be affirmatively proved to be accorded by the laws of such States. 41 An. 1048.

2. Privileges are *stricti juris*, and, as against third persons, must be clearly and conclusively established. They can be claimed only for those debts for which they were expressly granted in the Code, and they are not to be extended from one case to another. R. C. C., Arts. 3183, 3185; 13 An. 52; 6 An. 113, 376; 3 An. 429; 17 La. 162, 442; 38 An. 217.

3. One asserting the vendor's privilege upon merchandise must prove clearly and conclusively, as to third parties, that the specific goods upon the price of which the privilege is claimed, were bought from the claimant by the debtor in whose possession they are seized, and that those specific goods have not been paid for. R. C. C., Arts. 3227, 3230.

4. The exact amount of money realized by the sale of merchandise upon which vendor's privilege is asserted must be proved before the court will, by judgment, enforce the privilege for a specific sum. 37 An. 863.

*Irion & Lafargue* for Defendants and Appellees:

A purchase of goods from a resident of another State, for delivery in this State, evidences a contract to be executed in Louisiana. The vendor of such property is entitled, under our laws, to the vendor's privilege. 36 An. 359.

A contract made by a duly authorized agent having power to bind his principals springs from the law of the place where the contract was made, 41 An. 1048.

A power of attorney that confers the right to an agent of a mercantile firm to make any and all business contracts, confers the authority to sell goods.

The privilege of the vendor is recognized and enforced upon goods which have been sequestered in the purchaser's possession, whose identity has been established, and which have not been sold confusedly with the other things of the purchaser. C. C., Articles 3227, 3228, and 3230.

The vendor's privilege is never extinguished as long as the sheriff holds the property or its proceeds, so that the property has not been sold confusedly with the mass of other things of the vendee. 11 An. 475.

Privilege is only lost on goods when mingled with an old stock of the purchaser, so that none of them can be identified. 19 La. 278.

The Supreme Court has not the power to revise the judgment of the Circuit Court of Appeals. 22 An. 465; 27 An. 669.

Creditors who, upon agreement of counsel, took part, by examination of witnesses, introduction of testimony, and argument of counsel, in an action brought by others against a common debtor, will be considered as parties to said action, and are estopped from questioning the privilege of the creditors in whose suit they thus figured. As to them, the issues passed upon and decided by judgment are *res adjudicata*.

* * *

*W. Hall* for the Defendants and Appellees:

Vendor's privilege superior to others when goods remain in hands of purchaser. C. C. 3227.

Seizure and sale of goods do not extinguish vendor's privilege as long as the sheriff holds the property or the proceeds, and property has not been sold confusedly with other goods. 11 An. 475.

Judicial estoppels arise from pleas filed, or a position taken in the course of judicial proceedings.

Any statement thus made is taken as the solemn affirmation of the truth, and the party can never withdraw from a position thus assumed. Cross on Pleadings, par. 59, p. 68; 31 An. 82.

Though a judgment in an antecedent suit may not constitute the technical basis of plea of *res adjudicata*, yet it may be ground for estoppel. Cross on Pleadings p. 68; 7 An. 458.

In proceedings *in concurso*, all parties are plaintiffs and defendants.

The evidence introduced by an opposing creditor may be used by the rest; and they will be bound by that introduced in favor of claim so opposed. A creditor can not take advantage of part of evidence of another opponent and reject answers to interrogatories drawn from creditors whose claim is opposed.

Each opponent may introduce further evidence, but that spread upon the record can not be divided. Caflin vs. Pollard, 9 Rob. 300.

The opinion of the court was delivered by

FENNER, J.   The case presents a conflict between plaintiffs, who are attaching creditors, and certain creditors who claim the vendor's privilege.

D. Blum was a merchant carrying a general stock of merchandise, the whole of which was attached by H. & C. Newman. Thereupon, numerous other creditors, who claimed privilege as vendors on particular portions of stock, sued Blum and issued writs of sequestration under which they seized the goods on which they respectively claimed the privilege, which goods were already in the hands of the sheriff under Newman's attachment.

The whole stock was sold under order of the court, the various lots of goods on which privileges were claimed being appraised and sold separately.

The several suits were separately tried.   H. & C. Newman obtained judgment against Blum, with privilege on the property attached.

The other creditors also obtained judgments against Blum, recognizing the privileges claimed on the particular goods sequestered.

Although H. & C. Newman were not parties to the several sequestrations brought by the creditors claiming privilege, an agreement is found in the record under which their attorneys were accorded and exercised the right to take part in the trial and argument of said case; and it was further agreed that, " in the event of subsequent proceedings for judicial distribution of said fund, the evidence offered at the original trials of said suits be used in said proceedings for distribution," and also that, in event of appeal from the judgment of distribution, the said evidence should be copied in the record.

The suggestion is advanced that, by reason of this participation of H. & C. Newman in the trial of the sequestration suits, the judgments rendered therein have the force of the thing adjudged against them; but we think the whole tenor of the agreement indicates that its sole purpose was to avoid the retaking of testimony in the distribution proceedings, by allowing the attaching creditors to excercise their right of cross-examination and argument in the original suits.

We think the attaching creditors are not bound by the judgments thus rendered, but had the right to contest the privileges claimed in the distribution proceedings and on appeal therefrom.

The present appeal is taken from the final judgment of distribution arising on a rule taken on the sheriff, by H. & C. Newman, to show

cause why he should not pay over to them the proceeds of sale remaining in his hands, to which rule the creditors claiming special privileges were made parties.

The judgment allowed the several privileges claimed, of which the appellants, H. &. C. Newman, complain on various grounds.

## I.

Two of the creditors claiming privilege, viz., Scharff Bros. and the Mansur & Tebbetts Implement Co., are merchants of St. Louis, and, as to them, the point is made that the sales were Missouri contracts governed by the law of that State, which does not recognize the vendor's privilege.

The evidence is very positive that the sales were made in Louisiana by agents of the vendors, who had full power to make final and binding contracts, and that the goods sold were to be delivered and were actually delivered and accepted in Louisiana. There is no room for controversy that such a dealing locates the sale in Louisiana and subjects it to our law. The case of Claflin vs. Meyer, 41 An. 1048, relied on by appellants, is really authority against them, because the absence of the characteristics above stated is made the conspicuous reason for the denial of the privilege there claimed.

## II.

We can not approve the construction sought to be placed by appellants' counsel on Article 3230 of our Code, which is as follows: "When the things reclaimed consist in merchandise, which sold in bales, packages or cases, the claim shall not be admitted if they have been untied, unpacked or taken out of the cases and mixed with other things of the same nature belonging to the purchaser, so that their identity can no longer be established."

The counsel contends that the mere facts of unpacking and mixing with other goods of the purchaser, are intended to exclude the claim, and that the qualification, " so that their identity can no longer be established," only assigns the reason why the legislator ordained the exclusion. This construction deprives the qualification of all force and effect, and would give the statute the same meaning which it would have if it had not been inserted at all. This is contrary to sound rules of construction, and we think it very clear that the statute means *such* a mixing with other goods of the purchaser as would disable the vendor from establishing their identity.

### III.

Nothing remains except an examination of the evidence in the several cases to establish the identity of the goods on which the respective privileges are claimed.

So far as the claims of L. Godchaux, Scharff & Bros., and the Mansur & Tebbetts Implement Company, are concerned, we do not understand that there is any dispute that they have sufficiently established the identity of the goods sold by them. .

The claims of A. Lehman & Co., Jaubert Bros., A. Baldwin & Co., and the Haller Manufacturing Company, present serious difficulties.

Lehman & Co. and Jaubert Bros. are jobbers in dry goods, dealing in goods not manufactured by themselves or dealt in exclusively by them. The evidence does not satisfy us that a large portion of the goods sequestered by them remained in such a situation that their identity could be established. They seem to have based this identification largely upon the claim that all the dry goods found in Blum's stock had been bought from their firms, and that what did not belong to one belonged to the other. This is not the kind of identification required by the law. The goods themselves must remain capable of identification; otherwise the privilege is lost. The evidence altogether is unsatisfactory and contradictory. Doubtless a part of the goods were satisfactorily identified, but another part, consisting of numerous remnants of staple goods, which might have been bought from any dealer, certainly did not admit of such identification. The record does not present the means of distinguishing those which could, from those which could not, be identified; or what were the respective prices brought.

· The claim of A. Baldwin & Co. is subject to similar objections, and, in addition, the fact is exhibited by the record that, in the case of several articles, the number identified, sequestered and sold actually exceeds the number sold to Blum. Thus, while the account sued on exhibits sales of only two dozen hatchets, four French pots, etc., the list of goods identified and sold by the sheriff shows four dozen hatchets, twenty-one French pots, etc. This shows how uncertain was the means of identification, when applied to such goods as cow-bells, sheep-bells, files, monkey-wrenches, paint-pots, ovens, chains, coil of rope, etc. ·

The account of the Haller Manufacturing Company comprises tin-

ware, of which they were manufacturers, and hardware. The former was doubtless easily and properly identified. But their identification of the articles of hardware exhibits the same uncertainty as that of A. Baldwin & Co. They also identified and sequestered a greater number of several articles than appeared on their own accounts.

We have no doubt that all of these parties have identified and are entitled to privilege on some of the goods sequestered by them, but not as to all; and the evidence, as now presented, does not enable us to distinguish between them. It may be that under a remanding of the cause, they may be able to improve the certainty of their identification and to separate the price of the goods properly indentified from that of those which can not be identified.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from, in so far as the claims of Scharff Bros., Leon Godchaux and the Mansur & Tebbetts Implement Co., be now affirmed; and that in other respects, the same be avoided and reversed and the case remanded for further proceedings according to law and the views herein expressed. Costs to abide the final determination of the cause.