SUPERIOR LAUNDRY & CLEANERS, INC., *v.* AMERICAN LAUNDRY MACHINERY CO.

(Division B. May 28, 1934.)

[155 So. 186. No. 31244.]

Whittington & Brown and **Engle & Laub**, all of Natchez, for appellant.

**Brandon & Brandon,** of Natchez, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee brought this action in the circuit court of Adams county against appellant to recover the balance of the purchase money due on a lot of laundry machinery and equipment theretofore sold by it to appellant, and to enforce a purchase-money lien thereon, under section 2239 et seq., Code 1930, for the payment of such balance. The machinery and equipment was seized under a writ issued for that purpose, as provided by the statute. There was a trial resulting in a directed verdict and judgment in favor of appellee for the amount sued for with interest,

aggregating thirteen thousand seven hundred twenty-three dollars and twenty-eight cents, and condemning the property to be sold to satisfy such judgment. From that judgment appellant prosecutes this appeal.

Appellant's assignments of error may be resolved into three grounds: First, that the contracts for the sale and purchase of the machinery are Ohio contracts and not Mississippi contracts, and therefore there is no statutory lien for the purchase money under section 2239 of the Code of 1930. Second, that the contracts are conditional sales contracts reserving the title in the appellee until the machinery and equipment is paid for; and, where such a contract exists, there is no purchase-money lien under the statute, and appellee's only remedy was by replevin. Third, that appellee failed to prove the balance of the purchase money due. We will consider these contentions in the order stated.

The transactions between appellant and appellee are evidenced by two contracts and notes. The contracts are in the form of written orders by appellant, addressed to appellee's office in Cincinnati, Ohio; they are signed by appellant, and each of them sets out the items of machinery and equipment, the price of each article, and the aggregate of the whole, and recites that they be shipped to appellant as soon as possible to Natchez, in this state. The orders also set out the terms of payment, including cash and deferred payments, the latter to be evidenced by notes. In the first order the aggregate of the prices of the various items was fourteen thousand three hundred eighty-seven dollars and twenty-five cents, and provided for a cash payment of two thousand five hundred dollars, with the order and deferred payments to be evidenced by thirty-five notes. This order recited: "These goods are sold f. o. b. cars at Natchez, Mississippi." The second order was sent appellee about six months later; the price of the articles then ordered, after deducting credit, was six hundred fifty dollars. This order recited: "These goods are sold f. o. b. cars at factory." Under the cap-

tion, "Conditions to which the purchaser agrees," both of the orders provided that the machinery and equipment sold should remain the property of appellee; that the title should not vest in the appellant until the entire purchase price was paid, and that they were "subject to acceptance by vendor at home or division office." The orders were accepted by appellee at its home office in Cincinnati.

It will be observed from what has been stated that, although these contracts were consummated in Ohio, they were executory and not executed contracts; they were to be performed in this state. The first order, the larger one, provided for the delivery of the goods at Natchez in this state, while the second one, the smaller order, provided for the delivery of the goods f. o. b. Cincinnati. Both of them provided that the title to the goods should not pass to the purchaser until all the purchase money had been paid. In other words, that the sale and passage of the title should not be complete until all the purchase money had been paid. This means that these executory contracts made in Ohio were to be performed in this state; that, although the contracts for the sales took place in Ohio, the passage of the title was to occur in this state and not until all the purchase money had been paid.

Louisiana has a purchase-money lien statute, and the supreme court of that state held, in construing the statute, that, if the contract of sale was executory and made in another state, but the delivery of the goods took place in Louisiana, the contract was considered as completed in the latter state, and the vendor's lien provided by law of that state attached. Overend v. Robinson, 10 La. Ann. 728; McIlvaine v. Legare, 36 La. Ann. 359; De La Vergne Refrigerating Mach. Co. v. New Orleans & W. R. Co., 51 La. Ann. 1733, 26 So. 455; Newman v. Cannon, 43 La. Ann. 712, 9 So. 439. See annotations to Succession of Welsh, 111 La. 801, 35 So. 913, as reported in 64 L. R. A. 823-836.

Leaving out of view every other consideration except that these were conditional sales contracts, we are of opinion that the statutory purchase-money lien attached. As above shown, the contracts, although made in Ohio, were executory—they were to be almost wholly performed in this state. The title did not, and could not, pass under the terms of the contracts elsewhere than in this state.

Can a conditional sale of personal property and a statutory purchase-money lien thereon coexist? In a conditional sales contract the seller simply holds the title as security for the payment of his indebtedness. In other words, it is a chattel mortgage, the seller occupying the double capacity of mortgagee and trustee of the title, the beneficial interest in the goods passes to the purchaser, but the legal title is retained in the seller. Bankston v. Hill, 134 Miss. 288, 98 So. 689, 37 A. L. R. 88; Dederick v. Wolfe, 68 Miss. 500, 9 So. 350, 24 Am. St. Rep. 283; Foundry Co. v. Pascagoula Ice Co., 72 Miss. 615, 18 So. 364; Hunter v. Crook, 93 Miss. 812, 47 So. 430, 431. In this last case the court used this language: "The sale, with title reserved and possession given under it, is none the less a sale. It is a conditional sale, with reservation of title as security for a debt."

Section 2239, Code 1930, provides that the seller of personal property shall have a lien thereon for the purchase price while it remains in the hands of the first purchaser, or one deriving title or possession through him, with notice that the purchase money was unpaid. The statutory lien is not waived by taking other security. The security of a conditional sales contract and the statutory purchase-money lien are not inconsistent. The seller may take his choice. Thompson v. Hill, 147 Miss. 489, 112 So. 697. The court held in that case that the landlord's statutory lien is not waived by taking other security, unless the security taken is inconsistent with that given by law; that a landlord selling personal property to a tenant for use on the leased premises, by taking a chattel mortgage on the property, did not waive the statutory land-

lord's lien on the crops raised on the leased premises, or his statutory purchase-money lien on the property itself for the balance of the purchase price.

Appellee had two rights, each with its own remedy. It had the right of election between them. It could have invoked the remedy of replevin or the one it did.

On the trial appellee introduced the purchase-money notes held by it without going further in proving that they were unpaid. Appellant contends that this was not sufficient proof of the indebtedness. Appellant did not plead payment either specially or by giving notice thereof under the general issue. One or the other is required. Sivley v. Williamson, 112 Miss. 276, 72 So. 1008. Therefore, under the pleadings appellee made out its case as to the amount of the indebtedness by simply introducing the notes held by it.

Affirmed.