## BENDER v. DAVIS CASH STORE, Inc. (A. BALDWIN & CO., Inc., Intervener).
### No. 1506.

Court of Appeal of Louisiana. First Circuit.
June 14, 1935.

James H. Morrison, of Hammond, for appellant.

Ellis & Ellis, of Amite, for appellee.

LE BLANC, Judge.

This proceeding originated in an attachment by the plaintiff, Arthur Bender, of property in the possession of the defendant, Davis Cash Store, Inc. A. Baldwin & Co., Inc., intervened, claiming to have a vendor's lien and privilege on certain of the property attached. The lower court rendered judgment on the main demand in favor of the plaintiff, by default, maintaining the writ of attachment which had issued. The judgment further decreed, however, that that part of the property under attachment on which the intervener, A. Baldwin & Co., Inc., claimed a privilege, be separately appraised and sold, and that the proceeds therefrom be held separately pending the determination of the intervention suit. On the trial of the intervention, after hearing the testimony, the trial judge dictated a statement to the court reporter which is found in the note of evidence, the final part of which we quote as follows: " * * * The Court is of the opinion that the intervenor has not established his lien and privilege as is required to do and the

Court will dismiss the intervention at the cost of the Intervenor." We assume that this statement was dictated on the same day on which the intervention was tried, which from the note of testimony as well as from the extract of the minutes of court, appears to have been November 30, 1934.

On March 16, 1935, A. Baldwin & Co., Inc., petitioned the court for an order for a devolutive appeal. In its petition, it alleges that the judgment which it desires to appeal from was rendered on the 30th day of November, 1934, and signed on the 18th day of December, 1934. The district judge granted the order fixing the amount of the bond, and made the appeal returnable to this court on or before April 15, 1935. Intervener complied with the order by furnishing the required bond.

We have carefully searched the record and are unable to find any such judgment as is referred to in intervener's motion for appeal. Moreover, after consulting the extract of the minutes of court in the record, we find no entry which would indicate that such judgment was rendered and signed. This controversy, as it now stands, is one strictly between the intervener and the plaintiff in the main proceeding, and the only appeal with which we could be concerned would be one from a judgment on the intervention which settled that controversy between the parties. The statement dictated by the district judge after trial of the intervention, and which is incorporated in the note of evidence, does not constitute a judgment. It is merely a statement made by the judge of what his judgment will be, but it decrees absolutely nothing. If there was such judgment rendered and signed afterwards, as alleged in the intervener's motion for appeal, it should form part of this record. Without it the appeal cannot be entertained, as it goes without saying that if there is no judgment there can be no appeal.

For the foregoing reasons, it is ordered that this case be remanded to the lower court for the purpose of having the transcript of appeal completed by supplying the judgment of court, if there be any such judgment, as is referred to in the intervener's petition for an order of appeal, and also any other deficiencies in the said transcript, such as entries in the extracts from the minutes of court, etc.

It is further ordered that the intervener-appellant herein pay all costs incurred thus far.