## BENDER v. DAVIS CASH STORE, Inc. (A. BALDWIN & CO., Inc., Intervener).

### No. 1506.

Court of Appeal of Louisiana. First Circuit. Oct. 3, 1935.

J. H. Morrison, of Hammond, for appellant.

Ellis & Ellis, of Amite, for appellee.

LE BLANC, Judge.

This case is before this court again from a remand to the lower court for completion of the transcript. See Bender v. Davis Cash Store (La. App.) 161 So. 906. The missing judgment has now been supplied in the record and we will consider the case on the merits.

The sole issue is with regard to the vendor's lien and privilege claimed by the intervener, A. Baldwin & Co., Inc., on certain goods and merchandise which it alleges it had sold to the defendant, Davis Cash Store, Inc., and which the court had ordered to be separately appraised and sold after having been attached with other stock of the defendant, at the instance of Arthur Bender, the seizing creditor herein. From a judgment rejecting intervener's claim of a privilege, this devolutive appeal was taken.

We find but little difficulty in agreeing with the trial judge that the intervener has failed to properly identify the articles on which it claims the privilege asserted by it. The privilege claimed arises out of the provisions of article 3227 of the Revised Civil Code which gives to the seller of movable property, which is not paid for, a preference on the price of his property as long as it remains in the possession of the purchaser, modified, however, with respect to certain merchandise, such as is alleged to have been sold by the intervener in this case, by article 3230, which reads as follows: "When the things reclaimed consist of merchandise, which is sold in bales, packages or cases, the claim shall not be admitted if they have been untied, unpacked or taken out of the cases and mixed with other things of the same nature belonging to the purchaser, so that their identity can no longer be established."

We believe that the intervener has failed to establish the privilege it claims, not only for want of proper identification of the articles on which it is claimed, but also because under the method of settlement of accounts and the purchase of new goods, it is impossible from the testimony before us to ascertain which of the intervener's goods which it claims could be identified had been paid for and which were still unpaid, and therefore bore the vendor's privilege. Besides, we find that the testimony shows that some of these goods had not been bought directly by the defendant from the intervener, but had been taken over from the stock of the Amite Hardware Company, which the defendant succeeded in business.

It appears that there was an old account due the intervener by defendant, and before making any further sales it was required that a cash payment be made in advance to be applied on the older purchases. These payments were made and so applied, and as the testimony of intervener's own witness is to the effect that the articles listed in its petition consisted mostly of the old stock, there can no longer be any vendor's lien bearing against those that had been paid for. In this connection, the following excerpt from the testimony of Mr. Ernest A. Hanno, intervener's only witness who claims to identify the goods, is significant:

"Q. Could you take this list that you have, claiming a lien on and point out to the Court the articles on there that had been paid for and the articles that hadn't been paid for? A. I could do that but it would take a long time.

"The Court: That is what you have to do to claim a vendor's lien.

"A. I can do it."

But it nowhere appears in the record, that he did do it.

From H. & C. Newman v. Cannon, Sheriff et al., 43 La. Ann. 712, 9 So. 439, we quote the following syllabus, which we believe correctly reflects the holding of the court in the body of the opinion: "The vendor, who claims a privilege upon merchandise sold which has been unpacked and mixed with other goods of the purchaser, must clearly show that they remain capable, by inspection, of identification, and must identify them with reasonable certainty."

We think that this is a clear and concise expression of the law by which the case presently before us must be governed. The intervener, having failed to identify, with reasonable certainty, the articles listed in its petition of intervention, and alleged to have been sold by it to the defendant, we hold that its claim for a privilege was properly rejected in the lower court.

Plaintiff has answered the appeal praying for damages in the sum of $50 for a frivolous appeal, but we are convinced of the seriousness of the appellant and are

impressed with the earnest manner in which counsel prosecuted the appeal, and therefore reject the demand for damages.

Judgment affirmed; intervener to pay all costs.