## MONTICELLO v. DELAVISIO
### (HORECKY, Intervenor).
#### No. 1992.

Court of Appeal of Louisiana. First Circuit.

Oct. 4, 1939.

Robt. R. Stone, of Lake Charles, for plaintiff.

M. R. Stewart, of Lake Charles, for defendant.

Robira, Gerard & Savoy, of Lake Charles, for intervenor.

## LE BLANC, Judge.

This suit has for its object the enforcement, on behalf of the plaintiff, of a lessor's lien and privilege on certain movable property removed by the defendant from the premises formerly occupied by him in the City of Lake Charles and in which he conducted a barroom. The demand is for the sum of $300 alleged to be due by defendant for having continued to occupy the leased premises in which the property provisionally seized was situated, for three months at $100 per month, which amount he had promised to pay after having violated a written agreement to vacate the premises. The property seized included furniture, fixtures, counters, an electric refrigerator and a quantity of bottled liquors.

An exception and also a motion to dissolve the writ of provisional seizure were filed on behalf of the defendant, predicated on his lack of capacity to stand in judgment because of mental incompetency and also his inability to have contracted as alleged in the plaintiff's petition because of that same incapacity.

John R. Horecky, doing business as Church Point Wholesale Grocery Co., intervened in the proceeding, claiming a vendor's lien and privilege to the extent of $198.50, that being the balance alleged by him to be due for merchandise consisting of wines and liquors which had been sold by him to the defendant and which were included in the seizure made at the instance of the plaintiff. He specifically alleged in his petition of intervention that the goods sold by him and seized by the Sheriff were susceptible of being identified and that he was therefore entitled to have his vendor's lien against the same enforced. He further set out that the relation of lessor and lessee did not exist between the plaintiff, Mrs. Tony Monticello and the defendant, Joseph Delavisio, for the reason that the alleged contract of lease originally entered into by Delavisio with Mrs. Joseph Papania, from whom Mrs. Monticello had acquired the property and under which contract she was proceeding, had been abrogated under a compromise agreement and defendant had been given notice to vacate. Further it is set out, that as shown by certain letters written to the defendant by plaintiff's counsel, the lease had been cancelled, and defendant warned that he was holding the property without right.

Plaintiff answered the petition of intervention, putting all allegations made therein at issue by denying the same.

Upon trial in the district court there was judgment in favor of the plaintiff for the amount of her demand, that is, the sum of $300, but on a quantum meruit only. Her claim for a privilege as lessor was denied on the ground that no contract of lease had been shown. The intervenor recovered judgment for the amount of his demand with recognition of his vendor's lien and privilege on the goods he had sold to the defendant. The plaintiff has taken this appeal.

We find but little difficulty in agreeing with the district judge in the conclusion he reached that there was no relation of lessor and lessee existing between the plaintiff and defendant and that consequently plaintiff was not entitled to the lessor's lien and privilege. The plaintiff predicates the contract of lease alleged by her on the theory of reconduction as provided for in our Civil Code under Article 2689. She purchased the property which she claims was under lease, from her sister, Mrs. Papania, in July, 1937. At that time she contends it was in possession of the defendant under some form of agreement by which he paid $100 per month as rent to her sister. This payment, she claims, was subject to another agreement that the property would be vacated on July 10, 1937, and that he had violated that agreement. She contends further that by reason of her purchase of the property she became the defendant's landlord and that by his continuing to occupy the property for three months thereafter, reconduction took place and therefore she is entitled to

the lessor's privilege for the amount of the unpaid rent.

■ These agreements under which it is urged that the relation of landlord and tenant existed appear to us to be rather involved and complicated. They all grow out of transactions between these three parties, who are brothers and sisters, and which they were attempting to set aside because of the alleged mental incapacity of the defendant. His mental condition appears to be an important issue in another suit involving these transactions and which was tried simultaneously with this suit. However, it is unnecessary for us to pass on that question as even though we were to assume that a contract of lease did formerly exist between Mrs. Papania and the defendant, we are unable to follow the plaintiff in her present contention that such an agreement was still in force under the principle of reconduction which prevails in our law. The theory on which reconduction is based is the lack of opposition on the part of the lessor to the lessee's continued occupancy of the leased premises after the contract between them has terminated, and also the lessor's silence and inaction under the circumstances, C.C. Arts. 1817, 2689.

■■ In this case, far from there being any lack of opposition or of silence or inaction on the part of the plaintiff, who claims to be the lessor, the testimony on the contrary shows that she and her sister were most active in trying to have the defendant vacate the property and in obtaining a cancellation of the contract. This is shown by judicial allegations made in a suit to have him evicted, to the effect that the lease had been cancelled and the leased notes returned to the defendant on July 1, 1937, when he had signed an agreement to vacate the property on July 10, 1937. It is further shown by letters subsequently written by counsel for the plaintiff to the defendant in which it is definitely stated that his client did not care to rent the property to him. Under such testimony as we find in the record it is plain that there could have been no reconduction of the contract of lease, assuming that one had existed before, and we are satisfied that the district judge was correct in denying plaintiff's claim of a lessor's lien and privilege. Insofar as the judgment awarded the plaintiff her demand on a quantum meruit there seems to be no dispute and in that respect it is found to be correct also.

With regard to the claim of the intervenor who seeks to have a vendor's lien and privilege enforced, we find ourselves unable to agree with the judgment which granted him that privilege. There is no question about the correctness of the intervenor's bill. In fact it is admitted in the answer to the petition of intervention that the defendant did purchase the merchandise alleged to have been sold. We find however that the intervenor has failed to have the goods and merchandise on which he claims his privilege identified. This is a necessary requisite, so understood by the intervenor himself, as in his petition he particularly alleged that the goods seized by the Sheriff were susceptible of being identified as the same that had been sold by him to the defendant.

■■ The law which governs the vendor's privilege such as is claimed here is found in Article 3230 of the Civil Code. Article 3227 accords to the seller of movable property which is not paid for, a preference on the price of his property as long as it remains in the possession of the purchaser. But with regard to things consisting in merchandise sold in bales, packages or cases, Article 3230 provides that the claim for the privilege shall not be admitted if the things have been unpacked or taken out of the cases and mixed with other things of the same nature belonging to the purchaser so that their identity can no longer be established. In the case of Newman v. Cannon, Sheriff et al., 43 La. Ann. 712, 9 So. 439, it was distinctly held that the goods on which the privilege is claimed must have been identified at least with reasonable certainty. This court followed that ruling in the case of Bender v. Davis Cash Store, 163 So. 170. In the case presently before us, as far as the record shows there was no attempt made whatever at identification. The mere fact that the intervenor claims a privilege on the goods listed in the invoices attached to his petition, which invoices show the brand of the liquors sold, does not in our opinion constitute that identification required by law. There is nothing in the record to indicate that the intervenor had the exclusive agency for or was the only dealer who sold those particular brands in the territory in which the defendant conducted his business.

■ As held by the Court in the case of Newman v. Cannon, supra, there is no doubt that if the intervenor can identify

the goods seized as those sold by him to the defendant, he is entitled to the privilege. Until he has done this, however, we find ourselves unable to grant him that privilege. It must be remembered at all times that all privileges are stricti juris. As was done by the court in Newman v. Cannon, supra, we believe that here also the intervenor is entitled to a remand of the case and for that purpose it will be remanded to the district court for further proceedings in accordance with the views herein expressed.

It is therefore ordered that the judgment appealed from be affirmed, insofar as it rejected the plaintiff's demand against the defendant for a lessor's privilege on the property seized, and dissolved the writ of provisional seizure which had issued. Insofar as the said judgment awarded the plaintiff her demand on a quantum meruit, it is also affirmed. In respect to the claim of the intervenor for a vendor's lien and privilege, it is ordered that the judgment which granted him the same be, and it is hereby reversed, set aside and annulled, and it is further ordered that the case be remanded to the district court to be further proceeded with in accordance with the views herein expressed. All costs are to abide the final judgment in the case.