RUNNELS *v.* FAIRCHILD.

In Banc. Nov. 8, 1948.

(37 So. (2d) 312)

**R. P. Sugg**, for appellant.

**C. B. Hutchison,** for appellee.

**Roberds, J.**

Fairchild instituted this action of replevin to recover from Runnels the possession of a described motor then being used by Runnels in the operation of a sawmill. Runnels executed bond and retained possession of the motor. The jury found that Fairchild was entitled to possession of the motor and assessed its value at $700. Judgment was entered that Runnels either deliver possession of the motor to Fairchild or that Runnels and his sureties pay to Fairchild said amount. Runnels appeals.

The deciding question on this appeal is whether or not replevin will lie under the facts of this case.

The declaration describes the relation between Fairchild and Runnels to be that of lessor and lessee of the motor, but the proof discloses no element of a lease between the parties. It shows, without substantial dispute, an oral sale and delivery of the motor by Fairchild to Runnels on credit. No claim is made by Fairchild that he expressly retained title to, or a lien upon, the motor to secure the purchase price. His only lien, or claim, upon the motor as security for the debt is the statutory lien vested by Section 337, Code 1942, which section confers upon a vendor of personal property a lien thereon for the purchase-money while the property remains in the possession of the purchaser, or another claiming through him with knowledge that the purchase price is unpaid. But that lien arises by virtue of the statute and subsequent sections prescribe the method of enforcing the right. The procedure is for the seller to make affidavit describing the property and his interest therein and his lien thereon, with an itemized statement of his demand, and giving the names of all persons known to him to have an interest in the property. Thereupon a writ issues for seizure of the property, ''or so much thereof as may be necessary to satisfy the plaintiff's demand and costs,'' and all persons shown to have an interest in the subject matter are summoned to answer the complaint and assert claims to the property. Sec. 341, Code 1942. A personal judgment is given the seller for such amount as may be found to be owing him by the purchaser, with a special order for the sale of the interest of such purchaser in the property to satisfy that amount and costs, the overplus, if any, produced by such sale to be paid to the purchaser. The judgment also ascertains and adjusts the interest of all parties to the property. This procedure is flexible and enables the court to adjudicate and enforce the rights of all parties to the litigation. Replevin cannot do that. That is shown by the judgment in this

case. The judgment was for delivery of the property to Fairchild or payment of its value. Suppose the fact had been that Runnels had paid all of the purchase price except fifty dollars? He would have lost property worth seven hundred dollars. Replevin is a possessory action. The statutory lien does not confer upon the seller the right to possession. It vests in him only the right to have the property seized by the officer and for a personal judgment for his demand and for sale of the property through the processes of the court to satisfy his demand, with the right in the purchaser to any overplus from such sale. In 33 Am. Jur., p. 440, sec. 44, appears this statement: ▮▮▮ "The method for enforcing a statutory lien is usually prescribed by the enactment by which it is conferred, and where this is the case, the enforcement of the lien must, according to the better rule, be proceeded with in accordance with the provision of the statute. Thus, a statutory provision for foreclosure of liens by suits is exclusive and must be followed. It has been decided that where a statute creates a specific lien and gives a specific remedy for the enforcement of such lien, a court of equity has no jurisdiction to enforce it, in the absence of some special ground of equitable interposition rendering the remedy at law unavailable or inadequate. On the other hand, there is authority to the effect that a statutory lien may also be foreclosed or enforced in equity in all cases except where the legislature, by prescribing a method for the enforcement of statutory liens, has impliedly excluded the remedy at chancery. Certainly this is true where jurisdiction has been acquired for other purposes. But the jurisdiction of a court of equity invoked to enforce a statutory lien rests upon the statute and can extend no further. If a statutory lien fails at law, it must also fail of enforcement in equity." Appellee relies upon Kerl v. Smith, 96 Miss. 827, 51 So. 3, and Superior Laundry & Cleaners, Inc., v. American Laundry Machinery Co., 170 Miss. 450, 155 So. 186. These were conditional sales contracts in which it

was expressly agreed the seller retained the right of possession as security for the purchase money.

We do not decide whether our statutory lien may be enforced in a court of equity, no other ground for equity jurisdiction being involved. That question is not before us. We simply hold that replevin will not lie under the facts of this case.

Reversed and remanded.