INZER, Justice.
This is an appeal by Central Motor Exchange of Mississippi, Inc., doing business as United Motor Exchange from a judgment of the Circuit Court of Lamar County dismissing with prejudice its suit in replevin of a pickup truck with a value of $445.36, alleged to be wrongfully detained by appellee, Mason Thompson. We affirm.
Appellant’s affidavit in replevin is in the statutory form and alleges that the pickup truck was the property of appellant, that it was wrongfully detained by appellee and that appellant was entitled to the immediate possession thereof. However, appellant’s declaration charged that it had made re *737 pairs on the pickup truck which were reasonably necessary for its operation and to preserve such vehicle. It charged that the vehicle at the time it was repaired belonged to G & T Construction Company of Tulsa, Oklahoma, and that appellee at that time was an employee of the construction company. The declaration clearly shows that appellant’s only claim to possession of the vehicle is its statutory mechanic’s lien for repairs to the automobile.
Appellee filed a motion to dismiss the replevin action which was sustained.
The trial court held that appellant was attempting to assert a mechanic’s lien for monies owing appellant for repairs on the pickup truck and that since an action in replevin is a possessory action in rem appellant was not entitled to possession of the automobile.
The question in this case is whether a holder of a mechanic’s lien created by virtue of Section 353, Mississippi Code 1942 Annotated (1956), may resort to re-plevin to recover possession of property repaired after having parted with possession. We are of the opinion that the trial court was correct in holding that appellant’s mechanic’s lien did not entitle it to maintain a replevin suit for possession of the repaired vehicle.
Under the provisions of Section 355, Mississippi Code 1942 Annotated (1956), it is provided that if a holder of a mechanic’s lien parts with possession of the property he retains a lien to the extent that is allowed in cases of liens for purchase money of goods and he may enforce the same in that manner. Huntley v. Drummond, 226 Miss. 753, 85 So.2d 188 (1956).
In the case of Runnels v. Fairchild, 204 Miss. 287, 37 So.2d 312 (1948), we held that the holder of the statutory purchase money lien could only enforce it as provided by statute and the action in replevin was riot a proper remedy. There we said:
His only lien, or claim, upon the motor as security for the debt is the statutory lien vested by Section 337, Code 1942, which section confers upon a vendor of personal property a lien thereon for the purchase-money while the property remains in the possession of the purchaser, or another claiming through him with knowledge that the purchase price is unpaid. But that lien arises by virtue of the statute and subsequent sections prescribed the method of enforcing the right. The procedure is for the seller to make affidavit describing the property and his interest therein and his lien thereon, with an itemized statement of his demand, and giving the names of all persons known to him to have an interest in the property. Thereupon a writ issues for seizure of the property, “or so much thereof as may be necessary to satisfy the plaintiff’s remand and costs,” and all persons shown to have an interest in the subject matter are summoned to answer the complaint and assert claims to the property. Sec. 341, Code 1942. A personal judgment is given the seller for such amount as may be found to be owing him by the purchaser, with a special order for the sale of the interest of such purchaser in the property to satisfy that amount and costs, the overplus, if any, produced by such sale to be paid to the purchaser. The judgment also ascertains and adjusts the interest of all parties to the property. This procedure is flexible and enables the court to adjudicate and enforce the rights of all parties to the litigation. Replevin cannot do that. That is shown by the judgment in this case. The judgment was for delivery of the property to Fairchild or payment of its value. Suppose the fact had been that Runnels had paid all of the purchase price except fifty dollars? He would have lost property worth seven hundred dollars. Replevin is a pos-sessory action. The statutory lien does not confer upon the seller the right to possession. It vests in him only the right to have the property seized by the officer and for a personal judgment for *738 his demand and for sale of the property through the processes of the court to satisfy his demand, with the right in the purchaser to any overplus from such sale. (204 Miss. at 289, 290, 37 So.2d at 312, 313).
The holder of a statutory mechanic’s lien who has parted with possession of that property can only enforce his lien in the manner and form that a purchase money lien may be enforced and cannot resort to replevin for the reasons set out above.
Appellant complains that the trial court dismissed its action in replevin with prejudice. We find no error in this regard because it simply means that appellant can not resort to another replevin action to enforce its mechanic’s lien.
For the reasons stated, this case must be affirmed.
Affirmed.
ETHRIDGE, C. J., and JONES, PATTERSON, and ROBERTSON, TT-, concur.