MORIAL, Judge
(concurring).
Fundamental requirements of reconduction are silence and inaction on the part of the lessor after a lease has expired. LSA-C.C. Article 1817 provides:
Silence and inaction are also, under some circumstances, the means of showing an assent that creates an obligation; if, after the termination of a lease, the lessee continue in possession, and the lessor be inactive and silent, a complete mutual obligation for continuing the lease, is created by the act of occupancy of the tenant on the one side, and the inaction and silence of the lessor on the other, (emphasis supplied)
Therefore, reconduction is operative only where there is a lease for a fixed period of time and at the expiration of the lease the lessor says or does nothing in relation to the lessee vacating the leased premises. See: Tacit Reconduction — A New Lease, 1 Louisiana Law Review 439 (1939).
Unlike the situation here, in Standard Oil Co. of New Jersey v. Edwards, 32 So.2d 102 (La.App. 1st Cir.1947), the annual written lease of a filling station expired without any express extension or renewal of the lease. See also Monticello v. Delavisio, 191 So. 162 (La.App. 1st Cir.1939).
The original lease, though signed by each of the three physicians prior to the formation of their partnership, made them co-lessees and, in effect, provided for their joint undivided tenancy. With the option clause, the original lease created in the lessees a prior right to future occupancy upon the timely and proper exercise of the option.
The option to renew belonged to the physicians in indivisión. Jansen v. Bellamore et al., 147 La. 900, 86 So. 324.
Drs. Ugenfritz and French in executing a new lease could not defeat the option in the original lease. The lessor was wholly without right to validly lease the property to anyone. Magnolia Petroleum Co. v. Carter, 2 So.2d 680 (La.App.2nd Cir.1941).
Dr. Normann having exercised the option, while the partnership existed, did so not for himself alone, but for his co-partners as well.
Conceding the parties, intended to dissolve the partnership, or that the partnership was in fact dissolved, as co-lessees the right under the option was held in indivi-sión and nothing that one might do could deprive the other of this right.